STEPTOE, JUDGE:
Claimants seek an award of $975.00 representing excess taxes paid on Ford Explorer vehicle purchased in 1995. For the reasons stated below, the Court finds that an error was made to the detriment of the claimants.
The evidence adduced at hearing was that on 10 February 1995, claimants purchased a Ford Explorer from Courtesy Ford in Altoona, Pennsylvania. On 8 March 1995, the respondent’s *31 Martinsburg office assessed a 5% road privilege tax on the $24,000.00 cash value of the new vehicle. However, the trade-in value of the claimant’s prior vehicle was $19,500.00. Claimants contend that the tax should have been assessed on the difference of $4,700.00, not the entire $24,000.00.
The respondent admits that a clerical error was made and that the claimants were overtaxed. However, the claimants did not discover the error until July 16, 1997, when they contacted the respondent in order to pay taxes on a subsequently purchased vehicle and noticed the difference in the tax bill paid on the new vehicle. WV Code §17A-10-12 states that whenever the respondent through error collects any fee not required by law, the same shall be refunded upon application therefor made within six months after the date of such payment. It is the position of the respondent that the law is unequivocal and that the six-month rule precludes recovery in this case.
The Court has previously refused to award refunds of state road privilege taxes in cases when the buyer arbitrates a repurchase agreement and waives any right to recover said costs from the seller. In these cases, the Court has held that it lacks jurisdiction to hear these claims and that the proper forum, if any, lies in state court. Linksweiler vs. Division of Motor Vehicles, (CC-90-295), unpublished opinion issued 22 February 1991. However, the Court has also held that when the respondent assesses road privilege taxes incorrectly that an award may be justified. T.H. Compton vs. Division of Motor Vehicles, (CC-88-293), unpublished opinion issued 8 August 1989. The respondent in the case at bar admits that the road privilege tax assessed the claimants was assessed improperly. The Court is of the opinion that the claimants had no reason to suspect any error prior to July 16, 1997, when they approached the respondent to pay taxes on their new vehicle. While there may be no legal obligation to refund the claimants for the improperly assessed taxes, the Court is of the opinion that the State was unjustly enriched by an error on the part of one its employees; therefore, the State has a moral obligation to refund same. Accordingly the Court makes an award in the amount of $975.00 for the improperly assessed tax on their 1995 vehicle.
Award of $975.00.